

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2004

# Parsons v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4141

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Parsons v. Comm Social Security" (2004). *2004 Decisions.* Paper 680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4141
_____

TODD L. PARSONS, JR.,

Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

District Court Judge: The Honorable Joseph J. Farnan, Jr.
(Civil No. 01-cv-00878)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2004

BEFORE: SLOVITER and FUENTES, Circuit Judges,
and POLLAK, District Judge.[*]

(Opinion Filed: May 26, 2004)
_____

OPINION OF THE COURT
_____

---

[*] Honorable Louis H. Pollak, Senior District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

Appellant Todd Parsons, Jr., was born in 1980, and suffers from antisocial personality disorder. From September 1995 until November 1998, Parsons received disabled child's benefits on the basis of his disorder, but the benefits were discontinued in November 1998 when he became an adult. Parsons applied for adult child disability benefits, but an Administrative Law Judge ("ALJ") denied such benefits after a April 2000 hearing; this denial was subsequently affirmed by the Social Security Administration Appeals Council and the District Court below. Specifically, the ALJ and District Court found that Parsons was not disabled under the Social Security Act because his impairments did not meet or functionally equal the listed requirements for disability, and because he could perform certain unskilled jobs in the national economy.

Although this Court exercises plenary review over the District Court's decision, it reviews the underlying decision of the ALJ "to determine whether it is supported by substantial evidence." Newell v. Commissioner of Soc. Sec., 347 F.3d 541, 545 (3rd Cir. 2003). Substantial evidence is more than a mere scintilla, but less than a preponderance. Id. It has often been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." E.g., id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Put another way, substantial evidence is enough evidence to justify denial of a directed verdict to the opposing side if the matter had gone to a jury trial. Reefer v. Barnhart, 326 F.3d 376, 379 (3rd Cir. 2003). Inherent to this deferential standard of review

is the rule that even if there is contrary evidence in the record that would justify the opposite conclusion, the ALJ's decision will be upheld if it is also supported by the evidence. Simmonds v. Heckler, 807 F.2d 54, 58 (3ʳᵈ Cir. 1986); accord Sykes v. Apfel, 228 F.3d 259, 262 (3ʳᵈ Cir. 2000).

We affirm substantially for the reasons expressed in the thorough and persuasive opinion of the District Court. We add only the following to underscore our agreement with that decision. Parsons argues that the ALJ understated Parsons's limitations resulting from his disorder. However, as the District Court cogently explained, Parsons offers no medical evidence or testimony from any practitioner substantiating his alleged inability to work. To the contrary, all of the health providers who opined on Parsons's mental health testified that Parsons's disability did not preclude him from working. The only evidence Parsons offers to show that the ALJ understated his limitations is the report of Dr. Bryan Simon, the psychologist who conducted the psychological tests ordered by the ALJ in this case.[1] Dr. Simon's report stated that Parsons has a "fair" ability to perform in certain areas. Parsons contends that a "fair" ability translates to a "marked" limitation on his ability to perform in those areas. Dr. Simon defined "fair" for the purposes of his testing as "capable of performing the activity satisfactorily some of the time."

---

[1] Curiously, Parsons simultaneously attacks the validity of Dr. Simon's report. Because all of the practitioners agree with Dr. Simon's analysis of Parsons's limitations, substantial evidence would have supported the ALJ's decision even in the absence of Dr. Simon's report.

We agree with the District Court that this definition of "fair" falls short of describing a "marked" limitation, and at most describes a "moderate" limitation on Parsons's ability to work. Since the ALJ's Vocational Expert ("VE") confirmed Parsons's ability to work even assuming moderate limitations, Dr. Simon's report is of no help to Parsons. Similarly, Parsons's argument that the ALJ understated the extent of his limitations to the VE by calling them "minimal" is unavailing: the VE's opinion that Parsons could work would have applied even if Parsons had moderate limitations. The ALJ properly refused to ask the VE to assume that Parsons suffered from greater than moderate limitations because such an assumption would have run counter to the medical evidence. Because substantial evidence undergirds the ALJ's denial of benefits, we affirm that determination.[2]

---

Parsons also argues that the ALJ never determined his Residual Functional Capacity ("RFC"), but as the government points out, the ALJ explicitly stated that "claimant retains the functional capacity to perform simple, repetitive tasks involving minimal interaction with the public." App. at 17.